**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| RAMSSES A. HARO, | No. 13-71633 |
| Petitioner, | Agency No. A099-067-708 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 23, 2014**

Before:    W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

Ramsses A. Haro, a native and citizen of Mexico, petitions pro se for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from

the immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

Haro does not claim past persecution. Substantial evidence supports the BIA's determination that Haro failed to establish a fear of future persecution on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Thus, Haro's asylum and withholding of removal claims fail. *See Molina-Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir. 2001).

Substantial evidence also supports the BIA's denial of Haro's CAT claim because he failed to establish it is more likely than not that he would be tortured by or with the consent or acquiescence of the Mexican government if returned. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008). Thus, Haro's CAT claim fails.

The record does not support Haro's contention that the agency did not fully review his case. Further, we lack jurisdiction to consider Haro's contention that

the IJ erred in not continuing his case because he failed to raise this issue before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Finally, Haro does not challenge the BIA's determination that a remand to allow him to apply for cancellation of removal was not warranted.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**